Minden Compress Company, Inc. v. Commissioner.
Minden Compress Co. v. Commissioner
Docket No. 109431.
United States Tax Court
1944 Tax Ct. Memo LEXIS 151; 3 T.C.M. (CCH) 798; T.C.M. (RIA) 44256; August 4, 1944
*151 R. D. Watkins, Esq., and Thomas A. Dubourg, C.P.A., 1312 Pere Marquette Bldg., New Orleans, La., for the petitioner. Frank B. Schlosser, Esq., for the respondent. TURNER
Memorandum Findings of Fact and Opinion TURNER, Judge: Respondent has determined an income tax deficiency of $1,303.21 against petitioner for the fiscal year ended June 30, 1939. The only issue presented is whether petitioner is entitled to deduct as interest $5,208 paid to its stockholders during the taxable year. Findings of Fact Petitioner is a Louisiana corporation, with its principal place of business in Minden, Louisiana. Its authorized capital stock is $50,000, of which $21,000 was issued and outstanding in 1932. Petitioner keeps its books and files its income tax returns on the cash basis. Petitioner is a close corporation, and Thomas Crichton, Jr., has been its president since 1918. In 1932, business conditions made it necessary for petitioner to consider the purchase of a new compress and attachment in order to maintain its business. Crichton conducted negotiations for the purchase of the equipment. The only basis upon which it could be acquired was by a cash payment of $12,000, and the balance of $20,000 *152 in notes. The company did not have the cash and was in no position to ask for a loan. R. H. Miller, president of the Bank of Minden, and treasurer of petitioner, advised Crichton that the money could not be borrowed from the bank, except to prevent the collapse of the company. The petitioner's stockholders were advised by Crichton of the negotiations and the necessity that they put up the cash required. In 1932 petitioner's board of directors adopted the following resolution: "Resolved, That a slightly used Webb Compress Company compress, together with high density attachment, be purchased from Webb Press Company, Inc., for the sum of Thirty-two thousand dollars delivered and erected, exclusive of power, on the site of the present Minden Compress Company plant. The payments to be twelve thousand dollars on completing and acceptance of new compress and attachment, and the other twenty thousand dollars to be paid in notes of two thousand dollars each, payable semi-annually, covering a period of five years. This purchase to be contingent on the shareholders assenting to an assessment of sixty per cent of the stock held by each shareholder." On November 1, 1932, petitioner purchased *153 the compress and attachment. Each stockholder paid in the sum of money equal to 60 percent of his stock. One stockholder, Mrs. O. G. Roberts, was compelled to borrow the money to pay her proportionate amount. She borrowed the money from Crichton, at the rate of 8 percent per annum, giving him her note. The aggregate amount of money advanced by the stockholders was $12,600 and was entered on petitioner's books to the credit of an account called "stock assessment." Petitioner executed 10 notes of $2,000 each, bearing interest at the rate of 6 percent, in payment of the balance of the purchase price. No additional stock was issued to the stockholders as the result of the assessment and its payment. The advances were not evidenced by notes and no time was fixed for any repayment. The above resolution and the entries in petitioner's books of account of the amount received by petitioner from its stockholders pursuant to the said resolution constitute the only records evidencing the transaction. Petitioner paid dividends in 1934, and Crichton credited Mrs. Roberts' dividends on her note to him. In the balance sheets attached to all of petitioner's income tax returns from June 30, 1933, *154 to June 30, 1943, the amount then outstanding of the $12,600 advance was listed as a liability under the caption "stock assessment." In the report submitted to the United States Department of Agriculture, Bureau of Agricultural Economics, on December 2, 1938, $5,250, the outstanding balance of the $12,600 advance, was listed under "other liabilities" as "stock assessment." In the annual report filed by petitioner in the State of Louisiana covering corporate franchise taxes for the years ended June 30, 1937, 1938 and 1939, the balance then outstanding of the $12,600 was listed under "liabilities" as "stock assessment." In May 1933, petitioner's plant was severely damaged by a cyclone, and it borrowed $16,000 from the Rehabilitation Corporation, a Federal agency, in order to rebuild its plant. The agency took a mortgage on petitioner's property and the rate of interest on the loan was less than 6 percent. The first repayment to the stockholders on the $12,600 above described was made by petitioner on September 6, 1935. The payment was in the amount of $2,100, and represented 10 percent of the capital stock outstanding. The next payment was made on July 18, 1936, in the amount of $5,250, *155 or 25 percent of the capital stock outstanding, leaving a balance of $5,250. The stockholders were advised, when the remittances were mailed to them, that the payments were applied on the $12,600 advance. On June 27, 1938, petitioner's board of directors adopted a resolution which provided that "the corporation pay the shareholders interest at the rate of eight percent per annum out of the 1938-39 revenues of the corporation on the amounts loaned by them to the corporation, said interest to be taken from the earnings." Pursuant to the said resolution petitioner, on February 17, 1939, paid to its stockholders a total of $5,208, the said payments being recorded on petitioner's books as the payment of interest. The bookkeeper made all entries relating to the payments under the instructions of Crichton. The amount of $5,250, the unpaid balance of the $12,600, was returned to the stockholders in 1942. The $12,600 advanced to petitioner by its stockholders pursuant to the 1932 resolution was advanced as contributions to capital, and the $5,208 paid to the stockholders by petitioner in 1939 was not a payment of interest but a distribution of corporate profits. Opinion We are convinced *156 by the evidence of record and have accordingly found as a fact that the advances made to petitioner by its stockholders, pursuant to the 1932 resolution, were made as contribution to capital and that the distributions made in 1939 were distributions of earnings and not the payment of interest, as the petitioner contends. We note that the petitioner attempted to finance the purchase of the new compress by procuring a loan from outside sources. Failing in this, and the stockholders assenting, the board of directors voted a 60 percent assessment on the outstanding capital stock. The resolution of the board of directors and the book entries made to record the amounts received from the stockholders pursuant thereto constitute the only records or entries made at the time the transaction occurred evidencing or disclosing the said transaction and the character thereof. Prior to the taxable year, when the payments here in question were made, there were no writings or entries in the petitioner's books and records which would in any way indicate that the payments made by petitioner's stockholders were anything other than what the original records indicated, namely, assessments on capital stock. *157 There was some testimony by petitioner's president and one other officer-stockholder to the effect that they expected repayment of the amounts paid in by them and that interest would be paid thereon. When, however, this testimony is considered in connection with the written records of the company and with the explanatory answers given by these witnesses both on direct and cross-examination, it supports rather than refutes the conclusion that the relationship between the petitioner and its stockholders in respect of the advances was that of corporation and stockholder and not that of debtor and creditor. No time was or ever has been fixed for any repayment in respect of the advances made. Furthermore, the witnesses indicated that there was no anticipation of any repayment or any return thereon except and unless the corporation should have earnings from which such payments could be made. In other words, the petitioner was not dealing with its stockholders in respect to these advances as it would with some third person from whom it was procuring a loan, and the stockholders were subjecting their money not as a creditor would, expecting repayment on demand or a specified maturity and *158 without regard to the existence of earnings or profits, but as money subjected as capital to the risks of the business in which the petitioner was engaged. One explanation of the failure to indulge in the normal formalities for making and procuring loans was that the petitioner was a close corporation and its affairs were handled as "family affairs" are handled and that everyone had confidence in one another, confidence particularly being expressed in the president. It is to be noted, however, that one of the stockholders found it necessary to borrow money to pay the assessment on her stock; that she borrowed the money from petitioner's president for that purpose; and that in making the loan to her the president did not treat the matter informally, but required of her a promissory note formally fixing the terms of the loan, the date of maturity and the rate of interest to be paid. Having considered and weighed the evidence of record, we are of the opinion and have concluded that the advances by the stockholders to petitioner, pursuant to the 1932 resolution, were contributions to capital, not loans, and that the payments made by petitioner to its stockholders in the taxable year were *159 not payments of interest but distributions of corporate profits. The petitioner's claim on brief that the above payments, if not interest, were ordinary and necessary expenses incurred in the conduct of its business and deductible as such, has not been pleaded, and further it could not be sustained on the record here, if it had been pleaded. Decision will be entered under Rule 50.